Filed 6/2/26  P. v. Chavez CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086107 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD283258) |
| v. | |
| STEVEN CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Steven Chavez, in pro. per., and Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

This appeal is from an order denying appellant's petition for resentencing under Penal Code[1] section 1172.6.  We review this case following the procedure outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

---

[1]     All further statutory references are to the Penal Code.

Steven Chavez was charged, along with two other defendants, with murder (§ 187) and conspiracy to commit murder (§ 182, subd. (a)(1). The information alleged the crimes were committed for the benefit of a criminal street gang.

Chavez pleaded guilty to voluntary manslaughter and stipulated to a sentence of 17 years in prison, to be served concurrently with a sentence from the federal court.

In his change of plea, Chavez stated, under oath, the following description of his liability:

> "I directly aided and abetted Jesus Faraj and Peter Burgos in causing the death of Jimmy Khieu, and the killing was carried out with a firearm. When I aided and abetted Jesus Faraj and Peter Burgos, I acted with the intent to kill without lawful excuse or justification.
>
> "I acknowledge that I committed these acts, and I am pleading guilty to the lesser crime of Voluntary Manslaughter to take advantage of the plea agreement to avoid prosecution as a direct aider and abettor to Murder.
>
> "I further admit that the East San Diego criminal street gang is an ongoing organized association or group of three or more persons that shares a common name and identifying sign or symbol. East San Diego criminal street gang's primary activities include the commission of murder, attempted murder, assault with force likely to cause great bodily injury, assault with a deadly weapon, shooting at inhabited dwelling or occupied vehicles, and robbery. Members of the East San Diego criminal street gang have collectively engaged in a pattern of criminal activity within three years of the date of the offense alleged to have been committed the meaning of Penal Code section 186.22 and CALCRIM 1401, and that those offenses commonly benefited the gang in ways that were more than reputational.

"I also admit that the murder of Jimmy Khieu benefited the East San Diego criminal street gang in a manner that is more than reputational.

"I further admit that I have a prior conviction in case SCD225495 for Robbery (Penal Code section 211) that is both a strike prior pursuant to Penal Code sections 667(b) through (i), 1170.12, and 668, as well as a serious felony prior pursuant to Penal Code sections 667(a)(l), 668, and 1192.7(c)."

Chavez filed a timely notice of appeal.

Appellate counsel has filed a brief under the authority of *Delgadillo*, *supra*. Indicating counsel has not been able to identify any arguable issues for reversal on appeal, counsel asks the court to exercise the discretion granted by the opinion in *Delgadillo* to independently review the record for error as we would do if this case was reviewed under the procedure required in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

We notified Chavez of his right to file his own brief on appeal. Chavez has filed a lengthy set of documents including exhibits, arguments and statements of myriad legal principles which largely have nothing to do with the order on which this appeal is based. Essentially Chavez uses his submission to challenge his conviction. Although Chavez testified under oath that he was a direct aider and abettor in this case, he now argues he was acting under duress at the time of his testimony. Accordingly he contends we should not accept his testimony as being accurate. He acknowledged he pleaded guilty in this case after the section was enacted. Chavez has not identified any potentially meritorious issues for reversal on appeal.

## DISCUSSION

Appellate counsel has filed a brief under *Delgadillo* and asks the court to exercise its discretion to independently review the record for error. To assist the court in its review and consistent with the requirements of *Anders*

*v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: whether the court erred in denying appellant's resentencing petition after finding the petition for resentencing under section 1172.6 did not state a case for relief.

We have independently reviewed the record for error consistent with the procedure followed in *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal in appeal. Competent counsel has represented Chavez in this appeal.

DISPOSITION

The order denying appellant's petition under section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


DO, Acting P. J.


KELETY, J.